

**T**HE **C**ITY OF **N**EW **Y**ORK
## LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

ZACHARY W. CARTER
*Corporation Counsel*

ARIEL S. LICHTERMAN
*Assistant Corporation Counsel*
Phone: (212) 356-3520
Fax: (212) 356-3509
alichter@law.nyc.gov

August 10, 2016

**BY ECF**
Honorable Robert M. Levy
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        Re: <u>Steven Dejesus, et al. v. City of New York, et al.</u>,
           16-CV-3709 (FB)(RML)

Your Honor:

        I am an Assistant Corporation Counsel in the Office of Zachary W. Carter, Corporation Counsel for the City of New York, and the attorney assigned to represent Defendant City of New York ("City") in the above-referenced matter. Defendant City writes respectfully to request a sixty (60) day enlargement of time until October 5, 2016 for Defendant City to answer or otherwise respond to the complaint. Plaintiffs' counsel, Ryan Lozar, Esq., consents to this request. No previous request for an extension has been made by Defendant City.

        By way of background, the complaint alleges that on June 18, 2015, Plaintiffs Jon Martinez and Axel Garcia were unlawfully stopped in their vehicle by members of the NYPD, forcefully removed from the vehicle and searched, and then falsely arrested for a stabbing that had occurred in the vicinity shortly before then. The complaint further alleges that Plaintiff Steven Dejesus was in his home when this happened, and that members of the NYPD then forcefully entered his apartment without a warrant, conducted an unlawful search, and then falsely arrested him. According to the complaint, Plaintiffs Martinez and Garcia were released from the precinct after approximately 10 hours in custody. Plaintiff Dejesus was processed, arraigned on charges of assault, criminal possession of a weapon, menacing, and harassment, and spent approximately 5 days in custody before being released. The complaint states that the charges against Plaintiff Dejesus were dismissed on December 18, 2015. Plaintiffs now bring claims for, *inter alia*, false arrest, unlawful search and seizure, excessive force, malicious

prosecution, denial of a right to a fair trial, failure to intervene, and a municipal liability claim against the City, pursuant to 42 U.S.C §1983, and pendant state law claims.

There are several reasons for seeking an enlargement of time in this matter. In accordance with our obligations under Fed. R. Civ. P. 11, we need time to investigate the allegations set forth in the complaint. It is our understanding that the records of the underlying criminal action, including the police records, are currently sealed pursuant to N.Y. Crim. Pro. L. § 160.50 and/or 160.55. This office is in the process of forwarding to Plaintiffs' counsel for execution N.Y. Crim. Pro. L. § 160.50/160.55 releases authorizing this office to obtain documents pertaining to Plaintiffs' underlying detentions, arrests, and prosecution from the NYPD, District Attorney's Office and Criminal Court. Similarly, this Office requires medical provider authorizations for any facility in which Plaintiff received medical treatment for the injuries alleged to have been caused during this incident. Without these documents, Defendant City cannot meaningfully respond to the complaint.

In addition to the City, Plaintiffs name Officer Ronnie Rodriguez as a defendant herein. A review of the docket sheet reflects that this defendant has not yet been served with process. To date, this office has not received a request for representation from Officer Rodriguez and, accordingly, a decision concerning this office's ability to represent him has not yet been made. When proper service is effected upon him, he must individually determine whether he wants to be represented by this office, and furthermore, this office would need to conduct an investigation, including, but not limited to, determining whether there have been any substantiated charges of misconduct against him regarding this matter, in order to determine whether we may undertake representation. Given the time involved in determining the representation of NYPD employees, and in the interest of judicial economy, we hope that the Court will, *sua sponte*, grant Officer Rodriguez an enlargement of time until October 5, 2016 to answer or otherwise respond as well.

In light of the foregoing, it is respectfully requested that the Court extend the time for Defendant City to answer or otherwise respond to the complaint until October 5, 2016. Thank you for your consideration of the application herein.

                                                                     Respectfully submitted,

                                                                      _____/s/_____
                                                                     Ariel S. Lichterman
                                                                     Assistant Corporation Counsel

cc:    Ryan Lozar, Esq. (By ECF)
        *Attorney for Plaintiff*
        305 Broadway, 10th Floor
        New York, New York 10007